<hr />

## C. C. SHACKLEFORD *v.* G. W. ROBINSON.

An action upon a judgment rendered out of the State is a personal action.

The correct construction of Art. 3508 of the Civil Code is, that the long term (twenty years) under that Article, does not apply to the cases where the creditor and debtor are both absent from the State and residents of the same place out of this State.

APPEAL from the District Court of Caddo, *Land*, J.
    *Young & Harper*, for plaintiff.    *Winans*, for defendant and appellant.

BUCHANAN, J. (SPOFFORD, J., having been of counsel, recused himself.) This case turns principally upon the prescription applicable to an action upon a judgment obtained in another State of the Union.

In the case of *Surget* v. *Stanton*, decided last spring in the Eastern District, we held that the action upon a judgment rendered out of the State, is a personal action. In the same case, we also held, that the correct construction of Article 3508 of the Civil Code is, that the long term (twenty years) under that Article, does not apply to the case where the creditor and the debtor are both absent from this State, and residents of the same place out of this State.

To apply the doctrine thus recognized, to the present case:

The judgment upon which this suit is based, was obtained by the Union Bank of Louisiana, a corporation chartered by this State, against the present defendant, then a resident of Mississippi, on the 8th November, 1841. The judgment was sold under a *fi. fa.* for costs, on the 5th October, 1846, and was adjudicated to the present plaintiff, who was and is a resident of Mississippi. Up to the date of this change of ownership of the judgment, the creditor was not an absentee. After that change, the creditor was an absentee. But what was the place of residence of the debtor? When the judgment was rendered, he was a resident of Mississippi. When this suit was brought, he was a resident of Louisiana. At what time he migrated, the record does not inform us. But on the supposition which is the most favorable to the plaintiff, namely, that the defendant was already a resident of Louisiana when the plaintiff acquired his right in the judgment, there was a period of four years and eleven months, out of ten years, elapsed, at the time of such acquisition of right. From the 5th October, 1846, then, two days only counted for one of prescriptive term under Article 3508; the creditor being absent from the State, and the debtor a resident of the State. But the Act of 14th March, 1848, amendatory of the Civil Code, abolished the distinction between persons present and absent

SHACKLEFORD
v.
ROBINSON.

in regard to all prescriptions exceeding one year. This Act was in force in Caddo one month after its passage, say April 14th, 1848. The period of time between 5th October, 1846, and 14th April, 1848, being eighteen months, counted as nine months of prescriptive time, and added to the four years and eleven months already acquired, as above, would give a total of five years and eight months. From the 14th April, 1848, to the service of citation in this case, (14th March, 1853,) was four years and eleven months, which, added to five years and eight months, makes ten years and seven months, or seven months more than the complete term for prescription.

The judgment of the District Court is therefore reversed, and judgment is hereby rendered in favor of defendant and appellant, with costs in both courts.